UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVON A. MARTIN,               )
                               )
              Petitioner,      )
                               )
      v.                       )      No. 1:25-cv-00144-JRO-KMB
                               )
WARDEN,                        )
                               )
              Respondent.      )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Davon A. Martin's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case CIC 24-06-2412, which resulted in a deprivation of 90 days of earned credit time and a demotion of one credit class. For the following reasons, his petition is **DENIED,** and this action is **DISMISSED with prejudice**.

**II.**

**FACTUAL BACKGROUND**

On June 27, 2024, Officer Ackerman was outside the facility assisting with fire drills for Martin's unit. Dkt. 12-1. At that time, Martin began making comments about an unnamed female, saying "that trashy ass bitch . . . . You know that bitch does meth . . . look at her touching her face right now," as Officer Ackerman was touching her face. *Id.*

Officer Ackerman told Martin to step out of the line and provide his name and ID due to disrupting the security drill. *Id.* Martin refused. *Id.* Officer

Ackerman then asked Martin to submit to cuffs and he refused. *Id.* Officer Ackerman stopped her duties for the fire drill to call yard staff to assist in cuffing Martin. *Id.* Martin eventually complied with cuffs pursuant to the request of the other officers and was escorted to a holding cell. *Id.* Officer Ackerman wrote a conduct report charging Martin with offense B-252, interfering with staff. *Id.*

In support of the charge, Officer Jackson provided a witness statement. Dkt. 12-5. He said that he was called over to assist Officer Ackerman when Martin "was refusing to give his name or ID information to Officer Ackerman." *Id.* Martin also refused Officer Jackson's direction to "cuff up." *Id.* After Officer Jackson told him yard staff would assist him if Martin did not cuff up, Martin complied. *Id.*

Officer Sehkar also wrote a statement supporting the charge, asserting that when he came to assist Officer Ackerman, Martin refused his orders to step out of the line and give him his name and ID. Dkt. 12-6. Officer Sehkar stated that only after several requests did Martin comply and cuff up. *Id.*

On July 9, 2024, a screening officer notified Martin of the charge and provided him with a copy of the conduct report and notice of disciplinary hearing (screening report). Dkt. 12-2. The officer advised Martin of his rights, and Martin pled not guilty. *Id.* Martin requested video evidence, saying, "I wasn't near her. Soon as she went to me I put my hands behind my back." *Id.*

Over a month later, Disciplinary Hearing Officer (DHO) Pardue conducted a hearing on September 12, 2024. Dkt. 12-3. Martin pled not guilty and stated, "I want to plead guilty to a lesser offense. Not guilty to the B. I was using curse

words.  I believe that should be profanity.  I can see it being disruptive behavior. I don't feel like I did anything wrong.  I didn't interfere with her job at all.  I was speaking about an unnamed female.  I never said her name." *Id.*

Martin's request for video evidence was granted.  The DHO reviewed the video evidence, and in his report of video evidence review, he stated that Martin was shown arriving in front of Officer Ackerman, speaking to other offenders. Dkt. 12-4.  The video showed Officer Ackerman with her hand on her face.  *Id.* The offenders by Martin can be seen turning, looking, and laughing at Officer Ackerman.  *Id.*  Officer Ackerman then approaches Martin, who remains in place. *Id.*  Another officer approaches and both officers talk to Martin.  *Id.*  Martin steps out of the line and stays by both officers.  *Id.*  He is seen speaking with the officers.  *Id.*  Martin is put into mechanical restraints and escorted away from the line.  *Id.*  The Court's review of the video evidence is consistent with that of the DHO.

Based on the conduct report, the video review, witness statements, and Martin's statement, the DHO found Martin guilty of "interfering with staff."  Dkt. 12-3.  The DHO's reason for decision was: "Officer Ackerman clearly documented in the conduct report how Martin's actions interfered with her job responsibilities. Relied on video."  *Id.*  The DHO sanctioned Martin with a deprivation of 90 days of earned credit time and a demotion of one credit class. *Id.*  Martin's appeals were denied.  This habeas action followed.

## III.

## DISCUSSION

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied by 1) at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decisionmaker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" logically supporting a finding of guilt "and demonstrating that the result is not arbitrary." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Ellison,* 820 F.3d at 274; *see also Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974).

Martin raises three grounds in his habeas petition, which the Court characterizes as 1) he was denied an impartial hearing officer; 2) the disciplinary conviction was a result of retaliation; and 3) there was insufficient evidence to support the charge. Dkt. 2 at 2–3. For the following reasons, each argument fails on the merits.

### A. Impartial Decisionmaker and Retaliation

Martin alleges that he was denied an impartial decisionmaker. Dkt. 2 at 2. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill,* 472 U.S. at 454. A "sufficiently impartial" decisionmaker

4

is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam).  Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary.  *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  Indeed, the constitutional standard for impermissible bias is high.  *Piggie*, 342 F.3d at 666.  Hearing officers are impermissibly biased when they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof."  *Id.* at 667.

Martin alleges that the DHO "participated as an investigating and reviewing officer."  Dkt. 2 at 2.  Martin contends that by reviewing the video evidence, the DHO was acting as an investigator.  This overlooks the fact that at screening, Martin *asked* that video evidence be considered.  Dkt. 12-2.  As part of his duty to consider the evidence presented and determine if it was sufficient to support the charge, the DHO reviewed the video evidence and prepared a report describing that review.  Dkt. 12-4.  This does not mean that he "investigated" the incident.  He merely did his job to review the evidence to render a decision.  There is no evidence showing that the DHO was impermissibly biased.

Martin further contends that the DHO's decision was based on "retaliation and revenge."  Dkt. 2 at 2.  But his reasons for this allegation are essentially another argument in support of his impartial decisionmaker argument.  Martin alleges that the DHO and Officer Ackerman were friends, and that Officer

Ackerman sat in on his hearing. *Id.* In a declaration made under penalty of perjury, DHO Pardue stated that Officer Ackerman was in the same office while he conducted Martin's hearing, but she was across the room performing other duties and did not participate in the hearing. Dkt. 12-8 at 2. The DHO did not discuss the hearing with Officer Ackerman. *Id.* Martin does not allege that Officer Ackerman said anything about or during his hearing.

"Prisoners have a right to be free from retaliation by prison officials but . . . the procedural requirements of *Wolff* adequately protect prisoners from fraudulent charges." *Wilson v. McBride*, 93 F. App'x 994, 996 (7th Cir. 2004) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987)). None of the evidence presented by Martin is sufficient to overcome the presumption that the DHO reviewed the matter with honesty and integrity. *Piggie*, 342 F.3d at 666–67. Any argument regarding the partiality of the DHO based on a retaliation claim fails.

## B. "Some Evidence"

Lastly, Martin challenges the sufficiency of the evidence to discipline him. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler,* 696 F.3d 660, 675 (7th Cir. 2012) ("The 'some evidence' standard . . . is satisfied if 'there is any evidence in the record that could support

the conclusion reached by the disciplinary board.'" (quoting *Hill*, 472 U.S. at 455–56)).  The "'some evidence' standard" is "a 'meager threshold.'"  *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939).  Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends.  *Id.*  This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding."  *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Here, there is "some evidence" in the record that supports Martin's disciplinary conviction.  The conduct report and the video evidence are sufficient to support the charge that Martin's behavior interfered with staff.  The "some evidence" inquiry can end here.

Martin disagrees, arguing that Officer Ackerman abandoned her post because of what she thought she overheard him say about an unnamed female.  Dkt. 2 at 3.  He contends that he did not interfere with her duties.  In essence, Martin asks the Court to reweigh the evidence in his favor, something the Court cannot do.

Martin's argument also ignores his own admissions.  "Interfering with staff," B-252, is defined as "behavior that delays or interrupts a staff member from the performance of their assigned duties."  Dkt. 12-12 at 8.  Martin admitted during the hearing that he was using "profanity" and engaging in "disruptive behavior" and yet he believes he didn't do "anything wrong."  Dkt. 12-3.  The fact that he did not use the officer's name does not mean he did not interfere with

her work.  The evidence shows that Martin refused orders and disrupted the fire drill.

## IV.

## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of government."  *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Martin to the relief he seeks.  Accordingly, Martin's petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED with prejudice.**

Judgment consistent with this Order shall now issue by separate entry.

**IT IS SO ORDERED.**

Date: 3/31/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DAVON A. MARTIN
148381
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

John Oosterhoff
Office of Indiana Attorney General
john.oosterhoff@atg.in.gov

8